UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DANIEL L. ZABORAC, Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:03-cv-1199–LJM-WTL |
| | ) | |
| MUTUAL HOSPITAL SERVICE, INC., Defendant. | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

This matter is before the Court on the motion of the plaintiff, Daniel L. Zaborac ("Zaborac"), for partial summary judgment on the complaint filed against him by the defendant, Mutual Hospital Service, Inc. ("MHS"). Specifically, Zaborac seeks judgment on his claim that MHS violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, when MHS contacted Zaborac directly after being informed he was represented by counsel. For the reasons set forth herein, Zaborac's motion is **DENIED**.

## I. BACKGROUND

The parties agree MHS is a "debt collector" as defined at section 1692a of the FDCPA. Comp. ¶ 4; Answer ¶ 4. MHS sought to collect a debt for medical services from Zaborac, first by sending Zaborac a collection letter on June 10, 2003. Affidavit of Denise Cross ("Cross Aff.") ¶ 15 and Ex. G. Zaborac's attorney sent MHS a letter on June 18, 2003, informing MHS that Zaborac was represented by counsel, disputing the validity of the debt and requesting verification of the debt. *Id.* ¶ 16 and Ex. H. MHS's employee Carol Crosley ("Crosley") left a telephone message for Zaborac's attorney on June 25, 2003, seeking a written authorization from Zaborac pursuant to the

Health Insurance Portability and Accountability Act ("HIPAA"). MHS sought a HIPAA authorization because the verification of the debt MHS would provide would contain medical information. *See* Affidavit of Carol Crosley ("Crosley Aff.") ¶ 13.

On June 27, 2003, Zaborac's attorney advised Crosley by telephone that Zaborac would not provide a HIPAA authorization, and that MHS did not need the authorization to validate the debt. Affidavit of Carol Crosley ("Crosley Aff.") ¶¶ 13, 14 and Ex. D. MHS thus sent a verification letter dated August 4, 2003, along with an itemized bill for medical services, directly to Zaborac. Compl. Ex. C.

## II. <u>STANDARD</u>

Summary judgment is granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the opposing party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A disputed fact is material only if it might affect the outcome of the suit in light of the substantive law. *Id.*

The moving party has the initial burden to show the absence of genuine issues of material fact. *See Wollin v. Gondert*, 192 F.3d 616, 620 (7th Cir. 1999); *Schroeder v. Barth, Inc.*, 969 F.2d 421, 423 (7th Cir. 1992). This burden does not entail producing evidence to negate claims on which the opposing party has the burden of proof. *See Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 & n.3 (7th Cir. 1994). The party opposing a summary judgment motion bears an affirmative burden of presenting evidence that a disputed issue of material fact exists. *See Wollin*, 192 F.3d at 621.

In considering a summary judgment motion, a court must draw all reasonable inferences "in the light most favorable" to the opposing party. *Spraying Sys. Co. v. Delavan, Inc.*, 975 F.2d 387, 392 (7th Cir. 1992). If a reasonable fact finder could find for the opposing party, then summary judgment is inappropriate. *Shields Enters., Inc. v. First Chi. Corp.*, 975 F.2d 1290, 1294 (7th Cir. 1992). When the standard embraced in Rule 56(c) is met, summary judgment is mandatory. *Id.*

## III. DISCUSSION

### A. FDCPA VIOLATION

The FDCPA prohibits a debt collector from communicating with the consumer, Zaborac in this case, once the collector knows the consumer is represented by an attorney. 15 U.S.C. § 1692c(a)(2). If a consumer disputes a debt, the debt collector must provide verification of the debt. *Id.* § 1692g(b). Thus, once Zaborac's attorney requested verification of the debt, MHS had two choices; it could provide verification to Zaborac's attorney, or it could cease its attempts to collect. *See Jang v. A.M. Miller & Assoc.*, 122 F.3d 480, 483 (7th Cir. 1997). MHS argues that it had no choice but to send the August 4, 2003, verification letter directly to Zaborac because his attorney would not provide a HIPAA authorization. However, MHS could have provided Zaborac's attorney with debt verification without violating HIPAA, and thus MHS's conduct in communicating directly with Zaborac instead of his attorney violated the FDCPA.

In general, HIPAA prevents the release of health information to someone other than the patient, without the patient's authorization. 45 C.F.R. § 164.508(a)(1). However, HIPAA allows a collection agency to disclose protected health information as necessary to obtain payment for health care services. *See* 45 C.F.R. § 164.506(c). Obtaining payment under HIPAA includes debt

collection activities. *Id.* § 164.501. Thus, MHS was entitled to disclose Zaborac's health information to his attorney as necessary to collect the debt.

However, a debt collector should disclose only the minimum information necessary. *See id.* § 164.502(b) ("When using or disclosing protected health information . . . a covered entity must make reasonable efforts to limit protected health information to the minimum necessary to accomplish the intended purpose of the use, disclosure, or request."). The Fourth Circuit Court of Appeals' opinion in *Chaudhry v. Gallerizzo* is instructive. In that case, involving debt for attorneys' fees, the court explained that debt verification requires only a written confirmation that the debt collector is demanding what the creditor claims is owed. *Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999). Details of the alleged debt are not required. *See id.* "Verification is only intended to 'eliminate the . . . problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'" *Id.* quoting S. Rep. No. 95-382, at 4 (1977). In *Chaudhry*, this meant that the debt collector need not provide attorney bills that contained information protected by the attorney-client privilege or the attorney work product privilege. *Id.* As the court explained, when a debt collector has an obligation to protect privileged and confidential information, a debtor cannot prevent collection of the debt by demanding release of that information. *Id.*

The FDCPA did not require MHS to forward a copy of Zaborac's medical bills or any other detailed evidence of the alleged debt. *See id.* at 406. A written confirmation that MHS was demanding what the creditor claimed was owed would have been sufficient. *See id.* Because the confirmation was made for debt collection purposes, MHS could have sent the verification, containing the "minimum necessary information" directly to Zaborac's attorney without violating

HIPAA. *See* 45 C.F.R. §§ 164.501, 164.502(b), 164.506(c). It's failure to do so was a violation of the FDCPA.

MHS also argues that it was entitled to contact Zaborac directly because Zaborac's attorney did not respond to MHS within a reasonable time regarding the alleged need for an authorization. The FDCPA allows a debt collector to contact a debtor directly, knowing that the debtor is represented by an attorney, when the attorney fails to respond within a "reasonable time" to a communication from the debt collector. 15 U.S.C. § 1692c(a)(2). As Zaborac points out, his attorney responded to MHS immediately, by refusing to provide the authorization. The attorney's response may not have been the desired one, but he cannot be said to have failed to respond in a reasonable time.

**B. BONA FIDE ERROR PROVISION**

Having established that MHS violated section 1692c(a) of the FDCPA, the next question is whether the "bona fide error defense" insulates MHS from liability. MHS argues that if sending the debt verification directly to Zaborac was a violation of the FDCPA, its mistake in doing so in good faith is a defense. A debt collector is not liable under the FDCPA if it can show that "the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c).

MHS does not allege that it sent communication directly to Zaborac in error; rather, MHS purposely communicated with Zaborac because it misinterpreted the law. While a majority of courts have concluded that the bona fide error provision only protects debt collectors for factual and clerical

mistakes[1], "'a growing minority of courts'" are finding that mistakes of law can also be bona fide errors under section 1692k(c) of the FDCPA. *See Nielson v. Dickerson*, 307 F.3d 623, 640-41 (7th Cir. 2002) quoting *Johnson v. Riddle*, 305 F.3d 1107, 1121 (10th Cir.2002).

Some courts that hold the majority view compare the FDCPA bona fide error provision to the Truth in Lending Act ("TILA") bona fide error provision. *See Nielson*, 307 F.3d at 640-41 (citing *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 779 (9th Cir.1982)). However, the Seventh Circuit Court of Appeals has noted that the TILA statute specifically excepts legal mistakes from its coverage, while the FDCPA provision does not. *Jenkins v. Heintz*, 124 F.3d 824, 832 n.7 (7th Cir. 1997). While the Seventh Circuit has not directly decided the issue, it has assumed in some cases that a legal mistake can be a bona fide error within the FDCPA provision. *See id.* at 832, *Nielson*, 307 F.3d at 641. For these reasons, this Court finds that MHS's legal mistake can be a bona fide error.[2] Thus, the Court must deny Zaborac's motion and allow MHS to attempt to prove that its violation of the FDCPA was unintentional and that it "maintained procedures reasonably adapted to avoid" the mistake. *See* 15 U.S.C. § 1692k.

---

[1]MHS relies on *Beiber v. Associated Collection Services., Inc.*, 631 F. Supp. 1410 (D. Kan. 1986), in which the debt collector made an unintentional misstatement. The debt collector's employee was aware that only 25% of the debtor's wages could be garnished. *Beiber*, 631 F. Supp. at 1412. However, the employee accidentally told the debtor that 75% of the debtor's wages could be garnished. *Id.* The debtor accused the debt collector of false and misleading statements in violation of the FDCPA. *Id.* at 1415. The court held that the employee's misstatement was exactly the type of "clerical error" the bona fide error defense was intended to protect. *Id.* at 1416. *Beiber* does not support MHS's position.

[2]It also appears that in the Seventh Circuit, MHS need only show that it did not intend to violate the statute, not that the communication was unintentional. *See Nielson*, 307 F.3d at 641; *Frye v. Bowman, Heintz, Boscia & Vician, P.C.*, 193 F. Supp. 2d 1070, 1087-88 (S.D.Ind.2002).

## III. CONCLUSION

For all the reasons discussed above, Zaborac's partial motion for summary judgment is **DENIED**.

IT IS HEREBY ORDERED this 7th day of October, 2004.

LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed electronically to:

Steven James Halbert
shalbertlaw@aol.com

David J. Philipps
GOMOLINSKI & PHILIPPS LTD
davephilipps@aol.com

Peter A. Velde
KIGHTLINGER & GRAY
pvelde@k-glaw.com