UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DANIEL L. ZABORAC, ) | | |
|       Plaintiff, ) | | |
| ) | | |
| vs. ) | | 1:03-cv-1199-LJM-WTL |
| ) | | |
| MUTUAL HOSPITAL SERVICES, INC., ) | | |
| an Indiana corporation, ) | | |
|       Defendant. ) | | |

### ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION

This matter is before the Court on the motion of the defendant, Mutual Hospital Services, Inc. ("MHS"), for the Court to reconsider a ruling by the Magistrate Judge. Because the Court finds that the Magistrate Judge's order was in accordance with the law and not erroneous, MHS's objection is **OVERRULED** and its motion is **DENIED**.

### I. BACKGROUND

Plaintiff, Daniel L. Zaborac ("Zaborac") filed a motion for partial summary judgment, which this Court denied on October 7, 2004. Docket No. 34. The Court left the issue open of whether MHS violated HIPPA because of a bona fide error. *See id.* at 6. The parties later filed cross-motions for summary judgment, which this Court denied on July 19, 2005. Docket No. 68. MHS partially relied for its motion on the affidavit of John Campbell, in support of its bona fide error defense. This Court granted Zaborac's motion to strike Campbell's affidavit because Campbell's testimony, "and the facts therein" should have been revealed to Zaborac during discovery, which already had closed.

Docket No. 68 at 3, n.2.  The Court found that the failure to disclose the information was not harmless.  *Id.*

Campbell was not identified in any of MHS's discovery responses.  Zaborac filed a motion to compel MHS's discovery responses on June 17, 2004.  Docket No. 20.  That motion was granted, and MHS was ordered to respond to discovery by July 26, 2004.  *Id.*  MHS served its discovery responses on July 27, 2004.  Docket Nos. 26-27.  MHS listed Campbell on its final witness list on November 22, 2005.  Docket No. 37.  MHS did not reveal the facts about which Campbell would testify until it submitted his affidavit in support of MHS's motion for summary judgment on January 28, 2005.  Docket No. 52.

On August 2, 2005, MHS filed a motion to reopen discovery, so that Zaborac could depose Campbell, thus allowing Campbell to testify at trial.  The Magistrate Judge denied MHS's motion.  Docket No. 77.  MHS has asked this Court to reconsider the Magistrate Judge's ruling.

## II.  STANDARD

The District Court's review of a Magistrate Judge's discovery order is governed by Federal Rule 72(a), which states: "The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  Using the clear error standard, the District Court will overturn the Magistrate Judge's ruling "only if the district court is left with the definite and firm conviction that a mistake has been made."  *Weeks v. Samsung Heavy Indus., Ltd.*, 126 F.3d 926, 943  (7th Cir. 1997).

### III. DISCUSSION

As a preliminary matter, MHS has argued that the Court should reconsider the Magistrate Judge's order on a *de novo* basis. If a Magistrate Judge has ruled on a dispositive issue, and the parties did not consent to having the Magistrate Judge hear dispositive motions, the district court will, upon an objection to the Magistrate Judge's order, make a *de novo* determination. Fed. R. Civ. P. 72(b). In this instance, the issue is not dispositive. MHS argues that the Magistrate Judge has issued a discovery sanction so severe that it amounts to a dispositive order. The Court disagrees.

However, regardless of which standard the Court would apply, the result is the same because the Magistrate Judge came to the same conclusion as this Court in an earlier ruling that excluded Campbell's testimony. As this Court explained in its order denying cross-motions for summary judgment, MHS's late disclosure of the facts testified to by Campbell is not harmless. Docket No. 68 at 3, n.2. MHS has demonstrated no reason why it did not reveal Campbell and his testimony in responses to MHS's discovery requests.

MHS argues that Campbell has been on its witness list since November 22, 2004. However, by an order on Zaborac's motion to compel, discovery ended on July 26, 2004. Docket Nos. 20, 26-27. Thus, Campbell's disclosures came too late for Zaborac to conduct further discovery.

The tardy disclosure of facts upon which MHS claims are essential to its defense is not harmless. MHS asserts that its counsel became aware of the necessity of Campbell's testimony "prior to November 19, 2004." If MHS could not support its bona fide error defense without Campbell's testimony, it should not have alleged the defense at all. If MHS claimed bona fide error based on facts about which Campbell would testify, its late disclosure is inexcusable. The Court concludes that the Magistrate Judge's order is not erroneous or contrary to law.

3

## IV.  CONCLUSION

The Magistrate Judge's order denying MHS's motion to overrule is sustained.  MHS's objection is **OVERRULED** and its motion to reconsider is **DENIED**.

IT IS SO ORDERED this 17th day of October, 2005.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed electronically to:

Steven James Halbert
shalbertlaw@aol.com

David J. Philipps
GOMOLINSKI & PHILIPPS LTD
davephilipps@aol.com

Peter A. Velde
KIGHTLINGER & GRAY
pvelde@k-glaw.com